

1  Tyler J. Woods (State Bar No. 232464)
    twoods@trialnewport.com
2  Tu-Quyen Pham (State Bar No. 260864)
    tpham@trialnewport.com
3  Scott J. Ferrell (State Bar No. 202091)
    sferrell@trialnewport.com
4  **NEWPORT TRIAL GROUP**
   A Professional Corporation
5  4100 Newport Place, Suite 800
   Newport Beach, CA 92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAWT INC. and SHANGHAI AEOLUS WINDPOWER TECHNOLOGY CO., LTD.,

    Plaintiffs,

vs.

JOE MOORE CONSTRUCTION INC. d/b/a WIND SUN ENERGY SYSTEMS and URBAN GREEN ENERGY INC.,

    Defendants

Case No.: CV14-3653 SS

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiffs SAWT Inc. and Shanghai Aeolus Windpower Technology Co., Ltd. ("Plaintiffs") hereby allege for their Complaint against Joe Moore Construction Inc. d/b/a Wind Sun Energy Systems and Urban Green Energy Inc. ("Defendants"), on personal knowledge as to their own activities and on information and belief as to the activities of others, as follows:

## I. THE PARTIES

1. Plaintiff SAWT Inc. is a corporation organized and existing under the laws of Nevada, with a principal place of business at 20507 East Walnut Drive North in Walnut, California, 91789.

2. Plaintiff Shanghai Aeolus Windpower Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business at 651 East Yunling Road, Suite 710, in Shanghai, China, 200062.

3. Plaintiff Shanghai Aeolus Windpower Technology Co., Ltd. is the owner and assignee of United States Patent No. 7,967,569, titled "Vertical shaft wind turbine and method of installing blades therein" ("the '569 patent" or "the patent in suit"). Plaintiff has owned the patent in suit during at least a portion of the period of the Defendants' infringing acts and still owns the patent.

4. Plaintiff SAWT Inc. is a non-exclusive licensee of the patent in suit with the right to bring this suit.

5. Defendant Joe Moore Construction Inc. is a corporation organized and existing under the laws of California with a principal place of business at 3612 Valley Street in Carlsbad, California, 92008, and does business as Wind Sun Energy Systems.

6. Defendant Urban Green Energy Inc. is a company organized and existing under the laws of New York with a principal place of business at 330 W. 38th Street, Suite 1103 in New York, New York, 10018.

///

///

///

**COMPLAINT FOR PATENT INFRINGEMENT**

## II. JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

9. This Court has personal jurisdiction over Defendants. Defendants, directly or through intermediaries, ship, distribute, offer for sale, sell, and/or advertise wind turbine products in the United States, the State of California, and the Central District of California, which infringe on one or more of the claims of the patent in suit.

10. Defendants have purposefully and voluntarily placed wind turbine products that infringe on one or more claims of the patent in suit into the stream of commerce with the expectation that they will be purchased in the Central District of California, and, on information and belief, they are actually sold and purchased in this District by customers located in this District.

## III. THE DEFENDANTS' INFRINGEMENTS

11. Defendants have shipped, distributed, offered for sale, sold, and/or advertised products that infringe on one or more claims of the patent in suit (the "accused products").

12. Defendants have directly infringed and are still infringing on one or more claims of the patent in suit by making, using, selling, and offering for sale the accused products.

13. Assemblers and users of the accused products were and are also direct infringers of one or more claims of the patent in suit.

14. The accused products are made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include instructions for assembly and use that infringe and infringed one or more claims of the patent in suit. As a result, when assemblers and users of Defendants' accused products assemble and use the accused products, they are infringing the relevant claims of the patent in suit.

15. Defendants' manuals and instructions for the accused products explain and explained the elements and essential elements of one or more of the claims disclosed in the patent in suit, and those manuals and instructions encourage, urge, and induce the accused products' assemblers and users, and did so in the past, to assemble and use the accused products to infringe those claims, and end-users do and did infringe those claims.

16. Defendants have therefore specifically intended to cause these end-users to directly infringe one or more claims of the patent in suit, and in fact urged them to do so.

17. The accused products are not and were not suitable for non-infringing uses, and none of Defendant's manuals and instructions for the accused products disclose or disclosed any uses for the products that do not infringe upon such claims.

18. The inclusion of the instructions for assembly and use in the accused products is and was material to practicing such claims.

19. Defendants have and had knowledge that the accused products are and were especially adapted by assemblers and users of the accused products for the practicing of such claims, and, indeed, Defendants encourage, urge, and induce the accused products' end-users to purchase, use, and assemble the accused products to practice and infringe such claims, and has done so in the past.

20. Defendants intentionally and knowingly induced, encouraged, and urged assemblers and users of the accused products to purchase, use, and assemble the accused products for the purposes of infringing the infringed-upon claims, by having them assemble and use the products in a way that infringes upon such claims.

21. For example and without limitation, Defendants' "UGE-9M," "Vision Air 3," "Vision Air 5," and "HoYi" products infringe claims 10 and 11 of the '569 patent. These infringements include direct and indirect infringements.

///

///

22. Defendant Urban Green Energy Inc. has had knowledge of the patent in suit, though the earliest exact date Urban Green Energy obtained knowledge of the '569 patent is within the exclusive possession and control of Urban Green Energy.

## IV. FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 7,967,569

23. Plaintiffs repeat and re-allege the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

24. Defendants have in the past and still are literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of the '569 patent by making, using, selling, and offering for sale wind turbines embodying the patented invention, namely the accused products, and will continue to do so unless enjoined by this Court.

25. Assemblers and users of the accused products were and are also direct infringers of one or more claims of the '569 patent.

26. The accused products are made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include instructions for assembly and use that infringe and infringed one or more claims of the '569 patent. As a result, when assemblers and users of Defendants' accused products assemble and use the accused products, they are infringing the '569 patent.

27. Defendants' manuals and instructions for the accused products explain and explained the elements and essential elements of one or more of the claims of the '569 patent, and those manuals and instructions encourage, urge, and induce the accused products' assemblers and users, and did so in the past, to assemble and use the accused products to infringe those claims, and end-users do and did infringe those claims.

28. Defendants have therefore specifically intended to cause these end-users to directly infringe the claims in issue of the '569 patent, and in fact urged them to do so.

///

///

29. The accused products are not and were not suitable for non-infringing uses, and none of Defendant's manuals and instructions for the accused products disclose or disclosed any uses for the products that do not infringe upon such claims.

30. The inclusion of the instructions for assembly and use in the accused products is and was material to practicing such claims.

31. Defendants have and had knowledge that the accused products are and were especially adapted by assemblers and users of the accused products for the practicing of such claims, and, indeed, Defendants encourage, urge, and induce the accused products' end-users to purchase, use, and assemble the accused products to infringing such claims, and has done so in the past.

32. Defendants intentionally and knowingly induced, encouraged, and urged assemblers and users of the accused products to purchase, use, and assemble the accused products for the purposes of practicing the infringed-up claims, by having them assemble and use the products in a way that infringes such claims.

33. Defendants thus indirectly infringe, by inducement or by contribution, one or more claims of the '569 patent.

34. Defendants' activities have been without express or implied license by Plaintiffs.

35. As a result of Defendants' acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

36. As a result of Defendants' acts of infringement, Plaintiffs have been and will continue to be irreparably harmed by Defendants' infringements, which will continue unless Defendants are enjoined by this Court.

37. Defendants' past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

///

///

- 5 -
**COMPLAINT FOR PATENT INFRINGEMENT**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial for all issues in this case that properly are subject to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment against Defendants as follows:

1. A declaration that Defendants have infringed one or more claims of the patent in suit under 35 U.S.C. §§ 271 *et seq.*;

2. That injunctions, preliminary and permanent, be issued by this Court restraining Defendants, their respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from infringing the patent in suit;

3. That Defendants be required to provide to Plaintiffs an accounting of all gains, profits, and advantages derived by Defendants' infringements of the patent in suit, and that Plaintiffs be awarded damages adequate to compensate Plaintiffs for the wrongful infringing acts by Defendants, in accordance with 35 U.S.C. § 284;

4. That: (a) injunctions, preliminary and permanent, be issued by this Court restraining Defendants, their respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly and indirectly infringing the patent in suit; (b) Defendants be required to provide to Plaintiffs an accounting of all gains, profits, and advantages derived by Defendants' indirect infringement of the patent in suit; (c) Plaintiffs be awarded damages adequate to compensate Plaintiffs for the wrongful infringing acts by Defendants, in accordance with 35 U.S.C. § 284; and (d) the damages awarded to Plaintiffs with regard to the patent in suit be increased up to three times, in view of Defendants' willful infringement, in accordance with 35 U.S.C. § 284;

///

///

5. That this case be declared to be exceptional in favor of Plaintiffs under 35 U.S.C. § 285, and that Plaintiffs be awarded their reasonable attorneys' fees and other expenses incurred in connection with this action;

6. That Plaintiffs be awarded their interest and costs of suit incurred in this action;

7. Compensatory damages;

8. Punitive damages; and

9. That Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

NEWPORT TRIAL GROUP
A Professional Corporation

Dated: May 12, 2014

By: /s/ Tyler J. Woods
Tyler J. Woods
Attorneys for Plaintiff